# United States District Court
# For the District of Columbia

|  |  |  |
|---|---|---|
| **COMPREHENSIVE HEALTH SERVICES, INCORPORATED**, | ) ) ) | |
| 8229 Boone Boulevard, Suite 700 | ) | |
| Vienna, Virginia 22182-2623 | ) ) | |
| *EX REL* | ) ) | |
| v. | ) ) | Civil Action No.  05-  ( ) |
| **VICTORY HEALTH, INCORPORATED** | ) ) | |
| 2836 Drummond Road | ) | |
| Shaker Heights, Ohio 44120-1830 | ) ) | |
| **and** | ) ) | |
| **HUMMER WHOLE HEALTH MANAGEMENT, INCORPORATED** | ) ) ) | |
| 20600 Chagrin Boulevard, Suite 1000 | ) | |
| Cleveland, Ohio 44122-5334 | ) ) | |
| **Defendants**. | ) | |

## C̲OMPLAINT̲

N̲ATURE OF THE A̲CTION

1. Plaintiffs seek relief under the False Claims Act, 31 U.S.C. §§ 3729-3733. Plaintiffs seek recovery of civil penalties, and of damages, as a result of false and/or fraudulent claims made by Victory Health, Incorporated, Shaker Heights, Ohio (Victory Health); and by Hummer Whole Health Management, Incorporated, Cleveland, Ohio (Hummer Whole Health) under a Contract awarded by the Office of Procurement, Patent and Trademark Office, United States Department of Commerce, Washington, D.C. to Victory Health on March 30th, 2005. Plaintiffs assert: (1) that Victory Health and Hummer Whole Health conspired and falsely and fraudulently represented that Victory Health is an eligible small business; (2) that Victory Health and Hummer Whole Health well know that Victory Health is a large business not entitled to any preference as a small business; (3) that Victory Health received award of the Contract proposed under Solicitation Number DOC52PAPT-05-01001 for health unit support services as a result of these representations; (4) that Victory Health is presenting to the Commissioner of Patents and Trademarks, Washington, D.C. 20231 periodic claims for payment for health unit support services delivered under the Contract; and (5)

that Victory Health is receiving payments on behalf of the Commissioner of Patents and Trademarks, United States Department of Commerce on these claims for delivery of health unit support services that are being presented under the Contract.

## PARTIES

2. Plaintiff Comprehensive Health Services, Incorporated, Vienna, Virginia (Comprehensive Health) is a large business that delivers health unit and occupational health services to the United States and others, and is a corporation organized and existing under the laws of Maryland. The other party Plaintiff is the United States, acting through the Commissioner of Patents and Trademarks, United States Department of Commerce. Defendant Victory Health is an Ohio corporation whose principal place of business is in Cleveland, Ohio. Defendant Hummer Whole Health is a Delaware corporation whose principal place of business is in Cleveland, Ohio. Defendants Victory Health and Hummer Whole Health are hereinafter referred to, collectively, as "the Defendants."

3. Comprehensive Health has standing to pursue this Action. Under the Competition in Contracting Act of 1984, civilian Executive Branch agencies such as the United States Department of Commerce are generally required, in acquiring goods or serv-

ices, to obtain "full and open competition" through the use of competitive procedures, 41 U.S.C. § 253(a)(1)(A). But as a large business, Comprehensive Health cannot compete for services where the acquisition is set aside by a civilian Executive Branch agency exclusively for participation by small businesses. 15 U.S.C. § 644. Comprehensive Health has a personal stake, a competitive interest in assuring that acquisitions are fairly set aside for exclusively for participation by small businesses. As a result of Defendants' conspiracy and false and fraudulent representations, these support services requirements of the Patent and Trademark Office, United States Department of Commerce have been unfairly removed from what otherwise would have been a full and open competition. *United States ex rel. Amin, et al. v. George Washington University*, 26 F. Supp. 162, 166-68 (D.D.C. 1998).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 31 U.S.C. § 3730(b)(1) and 28 U.S.C. § 1331. Proscribed acts occurred in this District.

5. Venue is proper in this Court under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391-(b)(2).

6. This Action is timely filed under 28 U.S.C. § 2415(a) and 31 U.S.C. § 3731(b)(1) within six years after the first dates on which violations were committed.

AVERMENTS

<u>Civil Conspiracy</u>.

7. Hummer Whole Health held a Contract through December 31st, 2004 to deliver health unit support services at two offices of the Patent and Trademark Office in Arlington, Virginia. Hummer Whole Health is a large business concern. On October 15th, 2004 the Office of Procurement, Patent and Trademark Office, United States Department of Commerce, Washington, D.C. issued Solicitation Number DOC52PAPT-05-01001 for a successor Contract for these health unit support services. The Solicitation for a successor Contract was competed as a total set-aside for eligible small business concerns, i.e., business concerns with averaged annual revenues less than $8,500,000.

8. Colleen Kelly Victory is the Chief Medical Officer for Hummer Whole Health. James Thiel is a Regional Medical Director for Hummer Whole Health. Bridget Marzullo is an employee of Hummer Whole Health. The physical address for Hummer Whole Health is 20600 Chagrin Boulevard, Suite 1000, Cleveland, Ohio 44122-5334.

A facsimile machine at Hummer Whole Health is assigned telephone number (216) 921-8616.

9.  Victory Health was incorporated in the State of Ohio on November 4th, 2004. Colleen Kelly Victory is the registered agent for Victory Health. Colleen Kelly Victory signed the incorporation documents for Victory Health as the majority incorporator and principal shareholder. The physical address of Victory Health is listed as 2836 Drummond Road, Shaker Heights, Ohio 44120-1830. The listed telephone number for this physical address is (216) 751-5247. Telephone Company records for this telephone number list "Kelly Victory" as a holder of this telephone number.

10. Proposals under Solicitation Number DOC52PAPT-05-01001 were due for submission on November 30th, 2004. Victory Health must have represented that it was an eligible small business. On or about March 30th, 2005 the Office of Procurement, Patent and Trademark Office, United States Department of Commerce, Washington, D.C. awarded the Contract proposed by Solicitation Number DOC52PAPT-05-01001 to Victory Health. The value of this Contract in its base period is $534,985, and for its four option periods, $2,891,006.

Overt Acts.

11. Central Contractor Registration records for Victory Health list Bridget Marzullo and James Thiel as Points-of-Contact for Government Business. The addresses listed for these Points-of-Contact are both 20600 Chagrin Boulevard, Cleveland, Ohio 44122-5334, and this is the physical address of Hummer Whole Health. The number of the facsimile machine for Bridget Marzullo is listed in these records as (216) 921-8616. A facsimile machine at Hummer Whole Health is assigned telephone number (216) 921-8616. The voice number for Bridget Marzullo is listed in these records as (216) 577-4321. The voice number at the physical address for Victory Health at 2836 Drummond Road, Shaker Heights, Ohio 44120-1830 is (216) 751-5247. Telephone Company records for this telephone number list "Kelly Victory" as a holder of this telephone number.

Small Business Size Regulations.

12. Under applicable Small Business Size Regulations, business concerns are considered to be affiliates of each other when officers, directors, or managing members of one business concern also control the management of another business concern, 13 C.F.R. § 121.103(e); when business concerns having "substantially identical

business or economic interests" are economically dependent on one another through contractual or other relationships, 13 C.F.R. § 121.103(f); or where former officers, directors, or managing members of one business concern organize a new business concern in the same or related industry and serve as the new business concern's officers, managing members, or key employees, 13 C.F.R. § 121.103(g). If a small business concern is found to be affiliated with a large business concern, this small business concern is deemed to be a large business concern and it is not eligible to be treated as a small business concern.

<u>Civil Frauds, Unjust Enrichment</u>.

13. Victory Health and Hummer Whole Health are clearly affiliated; Victory Health is not now, and was not before Contract award, eligible to be treated as a eligible small business concern. As an affiliate of Hummer Whole Health, Victory Health is a large business concern. These two business concerns well know that Victory Health is not a small business concern, and Hummer Whole Health is actively assisting and promoting Victory Health as a small business concern. Representations to the contrary are continuing frauds on the United States Department of Commerce. As a result of these continuing frauds, Victory Health is receiving

Orders for health unit support services from the Patent and Trademark Office, and under these Orders, Victory Health is presenting claims for payment, and is being paid, for health unit support services rendered, upon the mistaken belief that Victory Health is an eligible small business. These acts are violations of 31 U.S.C. § 3729(a)(1), (2), and (3). Victory Health and Hummer Whole Health are being unjustly enriched by reason of these mistaken payments supposedly made to an eligible small business.

<u>Voluntary Disclosure</u>.

14. Comprehensive Health made the voluntary disclosure required by 31 U.S.C. § 3730(e)(4) on April 14th, 2005.

COUNT I
THE DEFENDANTS ARE COMMITTING
SPECIFIC ACTS THAT PROVIDE A BASIS FOR LIABILITY.

15. Plaintiffs incorporate and re-allege paragraphs numbers 1. through 14. hereinabove as if fully set forth herein.

16. The Defendants are receiving Orders for health unit support services from the United States Department of Commerce, and under these Orders, the Defen-

dants are presenting claims for payment, and are being paid, for services rendered. These acts are violations of 31 U.S.C. § 3729(a)(1), (2), and (3).

## COUNT II
### THE DEFENDANTS ARE KNOWINGLY SUBMITTING FALSE CLAIMS.

17. Plaintiffs incorporate and re-allege paragraphs numbers 1. through 14. hereinabove as if fully set forth herein.

18. The Defendants are making representations that Victory Health is an eligible small business. These representations are false, and Defendants are making these representations with actual knowledge of the falsity, else out of deliberate indifference, else out of reckless disregard for the truth.

## COUNT III
### THE DEFENDANTS ARE MAKING CLAIMS FOR PAYMENT.

19. Plaintiffs incorporate and re-allege paragraphs numbers 1. through 14. hereinabove as if fully set forth herein.

20. The Defendants are making periodic requests for payment of money for deliveries of health unit support services under Orders placed by the Patent and Trademark Office, United States Department of Commerce. The Defendants are receiving

periodic payments of money on behalf of the Patent and Trademark Office, United States Department of Commerce based on these claims.

21. Periodic requests for payment submitted under Orders where representations have been previously made that the firm is an eligible small business themselves represent an implied certification, and these periodic requests cause disbursements to be made by the United States in the mistaken belief that these payments further the aims of the Small Business Act, 15 U.S.C. § 644. Such periodic requests abuse the Small Business Act, 15 U.S.C. § 644, and impose a societal cost that is recompensed with the $10,000 penalty that can be imposed for submission of each such periodic request. 31 U.S.C. § 3729(a); *Ab-Tech Construction, Inc. v. United States*, 31 Fed. Cl. 429, 434-35 (Fed. Cl. 1994), *aff'd per curiam*, 57 F.3d 1084 (Fed. Cir. 1995). Withholding information on implied certifications such as these (here, the knowledge that Victory Health is not an eligible small businesses) is recognized as the hallmark of a False Claim. *United States v. TDC Management Corp.*, 288 F.3d 421, 426-27 (D.C. Cir. 2002), *cert. denied* 537 U.S. 1048 (2002).

COUNT IV
THE DEFENDANTS ARE
UNJUSTLY ENRICHED.

22. Plaintiffs incorporate and re-allege paragraphs numbers 1. through 14. hereinabove as if fully set forth herein.

23. The Defendants' periodic requests for payment of money for deliveries of health unit support services under Orders placed by the Patent and Trademark Office, United States Department of Commerce are false and fraudulent, and Defendants are being paid, for health unit support services rendered, upon the mistaken belief that Victory Health is an eligible small business. As a consequence, Defendants are unjustly enriched upon each such payment. *United States v. Intrados/International Management Group*, 265 F. Supp. 2d 1, 31-34 (D.D.C. 2002). The amount of these unjust enrichments is not less than seven percent of each such periodic payment, the amount of profit to be expected for delivery to the United States of health unit support services such as the health unit support services being delivered by Victory Health under the Contract proposed by Solicitation Number DOC52PAPT-05-01001.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court award a civil penalty of $10,000 for each periodic request for payment submitted by the Defendants; that this Court award three times the amount of damages, the unjust enrichments being received by Defendants, that the United States has incurred because of the acts of the Defendants here complained of; and that this Court grant such other and further relief as may be just and proper.

Respectfully submitted,

_____
Cyrus E. Phillips, IV
D.C. Bar Number 456500

Suite 660
1828 L Street, N.W.
Washington, D.C. 20036-5112

Telephone:      (202) 466-7008
Facsimile:      (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Comprehensive Health Services, Incorporated.